CANE BELT RAILROAD COMPANY v. PEDEN IRON & STEEL COMPANY.

Decided March 27, 1907.

**Carrier—Wrongful Delivery of Freight.**

In a suit against a railroad for the value of freight received by it and wrongfully delivered to one not the consignee, the fact that the person to whom the freight was delivered was a director in the consignee company, and had in his possession the bill of lading, the same not being endorsed by the consignee to the holder, was no defense.

Appeal from the County Court of Wharton County. Tried below before Hon. G. S. Gordon.

*J. W. Terry* and *A. H. Culwell,* for appellant.

*Baker, Botts, Parker & Garwood,* for appellee.

GILL, CHIEF JUSTICE.—The Peden Iron & Steel Company filed this suit against the Cane Belt Railroad Company and the Bolton Warehouse Company to recover the value of certain machinery sold and shipped. The cause of action as against the railway company was predicated upon allegations that the company, over whose lines the goods were shipped, had delivered them to one not authorized to receive them whereby they were lost to plaintiff.

A trial resulted in a judgment in favor of plaintiff for $172.72 as against the railway company, and the Bolton Warehouse Company was acquitted with its costs. The railway company has appealed.

The principal complaint against the judgment is that it is not justified by the facts, it being contended that as the person to whom they were delivered was a director of the consignee and had possession of the bill of lading, the company was authorized to deliver to him.

It is true that in some way Turner, who was in fact a director in the Bolton Warehouse Company, got possession of the unendorsed bill of lading and induced the delivery of the goods to him, but the judgment establishes upon sufficient evidence that it is also true that he had no authority from any source to receive them, and that he in fact received them for himself and converted them to his own use. The point is without merit.

The objection to the pleading is equally without merit. The sworn account as supplemented by the docket entries in the Justice Court where the suit originated is sufficient, and the answer of the railway company shows that it was thereby fully advised of the nature of the suit against it. The judgment is affirmed.

*Affirmed.*